IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Willkie Farr & Gallagher LLP<br>1875 K Street, NW<br>Washington, DC 20006,<br><br>Plaintiff,<br><br>v.<br><br>United States Department of the Air Force<br>Pentagon, 1670 Air Force<br>Washington, DC 20330-1670,<br><br>Defendant. | Case No.: |

**COMPLAINT FOR VIOLATION OF THE**
**FREEDOM OF INFORMATION ACT**

## INTRODUCTION

1. Plaintiff Willkie Farr & Gallagher ("Plaintiff") represents hundreds of American military veterans and Gold Star families who were gravely injured, or whose relatives were killed or wounded by terrorist attacks in Afghanistan. These veterans and Gold Star families are suing several large contractors with lucrative businesses in post-9/11 Afghanistan who are alleged to have helped finance the terrorist attacks by, among other things, paying the Taliban to refrain from attacking their business interests. *See Cabrera et al. v. Black & Veatch Special Projects Corporation et al.,* Case No. 1:19-cv-03833-EGS (D.D.C.) ("*Cabrera*"). Plaintiff brings this action for relief under the Freedom of Information Act, 5 U.S.C. § 552 ( "FOIA"), to compel Joint Base San Antonio ("the Agency" or "Defendant"), a sub-entity of the Department of the Air Force ("Air Force" or "DAF"), to produce long overdue records related to contractor payments to the Taliban at issue in *Cabrera*, requested pursuant to FOIA.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201(a), and 2202.

3. Venue lies in this District pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e)(1).

## PARTIES

4. Plaintiff is a law firm with an office in Washington, D.C. Plaintiff submitted the FOIA request identified in this Complaint.

5. Defendant is an "agency" of the federal government within the meaning of 5 U.S.C. § 552(f)(1).

## FACTUAL ALLEGATIONS

I. **DEFENDANT VIOLATED FOIA BY FAILING TO TIMELY RESPOND TO PLAINTIFF'S APPEAL.**

    A. **Plaintiff Timely Appealed the Agency's Decision to Improperly Withhold Documents Responsive to the Request.**

6. On February 28, 2020, Plaintiff properly submitted a FOIA request to United States Central Command ("CENTCOM") seeking a set of ArmorGroup contracts and related documentation for specific projects in Afghanistan from January 1, 2002 through December 31, 2014.

7. On July 17 2020, Plaintiff received an email correspondence from the Defendant acknowledging that Defendant had received a referred portion of Plaintiff's request from CENTCOM on June 3, 2020. *See* **Exhibit 1**.

8. On July 29, 2020, Plaintiff received an email correspondence from the Defendant showing that CENTCOM referred the second bullet of Plaintiff's FOIA request—pertaining solely to the "Shindand Airbase" Contract (FA-8903-06-D-8511). *See* **Exhibit 2**.

9. On December 2, 2020, 105 working days after Defendant's response was due, Defendant sent Plaintiff a Final Response Memorandum ("Final Response Memorandum" or "Final Determination") which indicated that Plaintiff's Request was "Partially Denied." The Final Response Memorandum further indicated, without any specified justification, that certain produced documents were redacted by Defendant pursuant to the FOIA exemptions listed in 5 U.S.C. § 552(b)(4), (b)(5), (b)(6), and (b)(9). *See* **Exhibit 3**

10. Defendant's Final Response Memorandum did not provide any detailed justification, as required by law, to explain why the claimed exemptions justified withholding information otherwise responsive to Plaintiff's Request.

11.     On March 2, 2021, in accordance with the instructions provided in Defendant's Final Response Memorandum, Plaintiff timely submitted its appeal of Defendant's decision to withhold redacted portions of responsive documents. *See* **Exhibit 4**. In its appeal, Plaintiff challenged each of the Agency's withholdings and redactions, as the Agency failed to provide the required justification for applying each FOIA exemption and, on information and belief, such exemptions were improperly applied. *Id*.

12.     A DAF FOIA Analyst acknowledged receipt of Plaintiff's Appeal Letter that same day. *See* **Exhibit 5**.

13.     Under FOIA, the Defendant was obligated to respond to Plaintiff's appeal by no later than March 30, 2021 (20 working days from the date Plaintiff submitted its appeal). 5 U.S.C. § 552 (a)(6)(A)(ii) ("Each agency […] shall […] make a determination with respect to any appeal within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such appeal."). Nonetheless, on March 29, 2021, one day before Defendant's response to the appeal was due, Plaintiff granted the Defendant an extension of 20 working days to April 26, 2021. *See* **Exhibit 6**.

14.     Defendant has failed to respond to Plaintiff's appeal as of the date of this filing. As such, the Defendant's statutory deadline for making an adequate determination and response concerning Plaintiff's appeal has expired, as has the additional 20-working day extended deadline Plaintiff agreed to grant the Defendant. The Agency's failure to provide a timely resolution of Plaintiff's appeal violates FOIA and Department of Defense Freedom of Information Program Rules and Regulations. 5 U.S.C. §§ 552 (a)(6)(A)(ii), (a)(6)(B)(i); 32 CFR § 286.9(b).

15. The Defendant has never asserted that the Request failed to reasonably describe the records sought or was improper or deficient in any manner. Nor has the Defendant requested any information from Plaintiff either before or after its appeal was filed.

16. The Defendant has thus improperly withheld documents requested by Plaintiff and has violated the deadline to respond with a determination to Plaintiff's appeal letter as required by FOIA and the Agency's own FOIA Guidelines.

17. Plaintiff is therefore "deemed to have exhausted administrative remedies" with respect to the foregoing FOIA violations. 5 U.S.C. § 552(a)(6)(C)(i). FOIA thus authorizes Plaintiff to bring suit in this District to enjoin wrongful withholding of records responsive to Plaintiff's Request and to obtain such records without the improperly applied redactions and withholdings as set out in its appeal. 5 U.S.C. § 552(a)(4)(B).

## CLAIMS FOR RELIEF

### COUNT ONE:  Failure to Comply with FOIA

18. Plaintiff repeats and re-alleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

19. Plaintiff properly appealed Defendant's partial denial of Plaintiff's Request, including appealing all withholdings of various records and all applications of redactions to various records produced by the Agency in response to Plaintiff's Request.

20. The time under Defendant's own FOIA Guidelines—and under the parties' agreed-upon 20-working day extension—to make a determination as to Plaintiff's appeal, has expired.

21. The Defendant has thus wrongfully withheld agency records requested by Plaintiff by failing to comply with the statutory time limit for rendering a decision on Plaintiff's appeal of the Defendant's response to Plaintiffs' FOIA request.

22.     Plaintiff has exhausted administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

## COUNT TWO:  Declaration Precluding Assessment of Fees

23.     Plaintiff repeats and re-alleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

24.     The Agency has failed to comply with time limits under 5 U.S.C. § 552(a)(6).

25.     No court has determined that exceptional circumstances exist.

26.     Accordingly, Plaintiff is entitled to a declaration that the Agency may not assess any search fees associated with Plaintiff's FOIA Request, pursuant to 5 U.S.C. § 552(a)(4)(A)(viii) and 28 U.S.C. § 2201(a).

## PRAYER FOR RELIEF

1.     Plaintiff requests that the Court:

   a. Order the Agency to disclose in their entirety all records responsive to Plaintiff's Request referred to the Defendant, immediately;

   b. Issue a declaration that Plaintiff is entitled to disclosure of the requested records without the previously applied redactions;

   c. Declare that the Agency failed to comply with the time limits under 5 U.S.C. § 552(a)(6) and that search fees therefore may not be assessed under 5 U.S.C. § 552(a)(4)(A)(viii) with respect to Plaintiff's FOIA request;

   d. Award Plaintiff attorney's fees and costs incurred in relation to this case, pursuant to 5 U.S.C. § 552(a)(4)(E); and

   e. Grant Plaintiff any other relief the Court deems just and proper.

Dated:  May 18, 2020

                                            Respectfully submitted,

                                            */s/ Randall Jackson*
                                            Randall Jackson (D.C. BAR No. 490798)
                                            Nicholas Reddick (D.C. BAR No. 1670683)
                                            Devin Charles Ringger (D.C. BAR No. 1044160)
                                            Willkie Farr & Gallagher LLP
                                            1875 K Street, N.W.
                                            Washington, DC  20006-1238
                                            Tel:  (202) 303-1000
                                            Fax:  (202) 303-2000
                                            RJackson@willkie.com
                                            NReddick@willkie.com
                                            DRingger@willkie.com

                                            *Counsel for Plaintiff*